UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| COLONIAL CLAIMS CORPORATION | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-5713 |
| CERTAIN UNDERWRITERS AT LLOYD'S, ET AL. | SECTION: "B" (4) |

## ORDER

Before the Court is a **Motion To Compel Discovery (R. Doc. 108)** filed by the Defendants, Premier Adjusters, Inc. and Mickey McGill (collectively, "Premier") seeking an Order compelling the Plaintiff, Colonial Claims Corporation ("Colonial") to respond more fully to its Third Set of Requests for Production of Documents which originally were propounded on February 2, 2009. The motion was heard with oral argument on Wednesday, April 15, 2009.

### I. Background

On August 22, 2006, Gary and Martha Solomon ("the Solomons") filed suit in this Court against Certain Underwriters at Lloyd's, London ("Lloyd's") under the Solomons' Policy No. E050000901, which provided coverage to their home in New Orleans. (R. Doc. 1, ¶ III; R. Doc. 15, ¶ III.) They sought payment under the policy for flood damage to the residence resulting from Hurricane Katrina. (R. Doc. 1, ¶ III.)

Colonial purportedly produced an estimate of damages and submitted the same to the insureds under the Policy with a proof of loss without Lloyd's' knowledge or authority. The original estimate was $1,192,440.54 Replacement Cost Value ("RCV") which, less depreciation of

$102,225.63 and the $250,000.00 underlying limit, allegedly would have resulted in a net payable amount of $840,214.91 Actual Cash Value ("ACV") to the insureds. (R. Doc. 21-2, pp. 5-6.)

Colonial withdrew the estimate, even though Lloyd's allegedly was not made aware of the withdrawal. Colonial allegedly submitted a substantially lower estimate of $528,540.59 RCV, less depreciation, and the underlying limit resulted in a net payment of $216,998.39. (R. Doc. 21-2, p. 6.) Lloyds alleges that it was only after the Solomons filed their insurance claim that it learned of the first loss adjustment which was conducted at the direction of Colonial. (R. Doc. 21-2, p. 6.) According to Lloyd's, as a result of Colonial's actions, Lloyd's ultimately was forced to negotiate a settlement with the insureds in the amount of $2,194,008.00.[1] (R. Doc. 21-2, p. 7.) The claim was settled on May 4, 2007. Prior to the settlement, Lloyd's paid the sum of $216,998.39 for damage to the dwelling, yielding a total loss payment amount of $1,972,204.79 under the dwelling coverage.[2] (R. Doc. 21-2, p. 7.)

Colonial and Lloyd's had entered into a claims handling service agreement. Lloyd's also provided Errors and Omissions ("E&O") insurance coverage to Premier–who had been retained by Colonial to adjust Hurricane Katrina claims in New Orleans, including the Solomons' home. After paying the Solomons a sum in excess of two million dollars, Lloyd's filed suit against Colonial for improper claims handling. Colonial settled the lawsuit Lloyd's filed against it.

Thereafter, Colonial filed the instant suit against the subcontractor, Premier–who had been hired to provide adjusting services. (R. Doc. 1.) The scantily written Complaint and Amended Complaint simply allege that Colonial has suffered a "threatened liability from Lloyd's" and that

---

[1] The settlement was broken down as follows: (1) $1,755,206.40 for additional damages to the dwelling; and (2) $438,801.60 as 25% penalties on the claim additional damages to the dwelling.

[2] The dwelling policy limit on the Solomon policy was $1,990,000.00.

2

Premier, McGill, and Horace Seeley ("Seeley") are also involved. (R. Doc. 1, ¶ VII.) Colonial therefore seeks a declaration of the respective rights between the parties as well as any liability that it had to Lloyd's. (R. Doc. 1, ¶ VIII.) It also asks for a declaration of any liability of Premier, McGill, Lloyds II and Seeley to Colonial as a result of the alleged improper handling and adjustment of damages. (R. Doc. 1, ¶ VIII.)

During the course of discovery, Premier propounded its Third Set of Requests for Production of Documents upon Colonial, seeking documents relative to Colonial's financial status before and after the incident that prompted the filing of this lawsuit. Colonial produced its initial responses to Premier's Third Set of Requests for Production on February 18, 2009. (*See* R. Doc. 108-5, pp. 21-28, Ex. 11, Resp. To 3d. Set of Req. for Produc. of Docs.) However, Premier contends that the responses were inadequate. (*See generally* R. Doc. 108.) Specifically, Premier asserts that, of the 17 requests which were propounded, 15 contained no response–other than a statement that the responses would be supplemented in 7 to 14 days. (R. Doc. 108-4, p. 3. *See also* R. Doc. 108-5, Resp. To Third Set of Req. for Produc. of Docs.) According to Premier, Colonial agreed to supplement the incomplete discovery responses no later than March 10, 2009. (R. Doc. 108-4, p. 4.) Premier memorialized this agreement in writing on March 4, 2009. (*See* R. Doc. 108-5, p. 29, Ex. 13, Ltr. From Nelson W. Wagar, Mar. 4, 2009.)

Premier filed the subject motion, arguing that the supplemental responses that Colonial provided on March 11, 2009 remain unresponsive and are woefully deficient. (R. Doc. 108-4, p. 4.) Accordingly, it seeks an Order from this Court compelling Colonial to provide complete responses to the outstanding discovery requests. (R. Doc. 108-4, p. 5.) Premier requests: (1) documents demonstrating an increase in E&O premiums; (2) documents demonstrating the amount of business

3

claimed to have been lost; (3) documents detailing revenue received from the client that was allegedly lost; and (4) other financial documents that demonstrate loss of revenues. (R. Doc. 108-4, p. 4.)

Colonial opposes the motion to compel. (R. Doc. 109.) It contends that most of the requested documents were produced before the motion was filed. (R. Doc. 109, p. 1.) Colonial also contends that it properly objected to the request to produce the remaining documents, because they are not relevant. (R. Doc. 109, p. 1.) Having set forth the position of the parties, the Court will consider the motion.

## II. **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rules specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

4

to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

## III. Analysis

### A Request for Production of Documents

Request for Production No. 5 seeks the monthly and annual financial statements, including balance sheets and income statements of Colonial, from January 2000 through the present date. (R. Doc. 108-5, p. 22, Req. for Produc. No. 5.) Colonial objected to the request, arguing that it is overly broad and not limited to a reasonable time frame and/or factual scope based upon the facts in this litigation. (R. Doc. 108-5, p. 23, Resp. To Req. for Produc. No. 5.) The Court sustains the objection as to Request for Production No. 5.

Request for Production No. 6 seeks the production of the annual revenue statements from January 2000 through the present. (R. Doc. 108-5, p. 23, Req. for Produc. No. 6.) Colonial objects on the grounds of overbreadth and relevancy. (R. Doc. 108-5, p. 23, Resp. To Req. for Produc. No. 6.)

The Court notes that the claim against Premier is for the alleged negligent handling of the Solomons' insurance claim. The Court is of the opinion that Colonial's annual revenue statement has no bearing on any of the allegations presented herein. Therefore, Colonial's relevancy objection is sustained as to Request for Production No. 6.

Request for Production No. 11 seeks the production of each and every contract Colonial had

5

with Brit and/or Lloyd's, including fee schedules. (R. Doc. 108-5, p. 24,Req. for Produc. No. 11.) Colonial objected to Request for Production No. 11, arguing that it is overly broad and seeks irrelevant information. (R. Doc. 108-5, p. 24, Resp. To Req. for Produc. No. 11.) The Court again notes that this is a claim resulting from the alleged negligent claims adjusting services and damages that resulted therefrom. Therefore, the Court sustains the relevancy objection to Request for Production No. 11.

Request for Production No. 14 seeks the production of all documents, including air fare receipts, hotel bills, meal receipts, and any other expenses related to the mediation which took place in London regarding the subject claim. (R. Doc. 108-5, p. 25, Req. for Produc. No. 14.) During the hearing, counsel for Premier noted that Premier did not receive actual receipts in response to this request. Rather, counsel for Premier asserted that she merely received a "cover sheet" with handwritten notations, purportedly in response to the subject request.

The Court ordered counsel for Premier to submit the alleged inadequate documentation with the handwritten notations to the undersigned for review. On April 17, 2009, counsel for Premier submitted the information via facsimile. Upon review of the documents submitted, the undersigned concludes that the documentation is, in fact, insufficient and orders Colonial to supplement its response to Request for Production No. 14 with more adequate documentation no later than eleven (11) days from the signing of this Order.

Regarding the remaining requests at issue–Request for Production Nos. 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, and 17–the Court notes that Colonial agreed to produce the documents within 7 to 14 days from receipt of the requested information. (*See generally* R. Doc. 108-5, Resp. To Req. for Produc.) Given that several additional weeks have passed, to the extent that the documents

responsive to Request for Production Nos. 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, and 17, have not been provided, Colonial shall produce them no later than eleven (11) days from the signing of this Order.

   B. **Attorneys Fees**

Premier also seeks an award of reasonable attorney's fees for the filing of the subject motion. The Court, having considered whether attorney's fees should be awarded, finds that fees are not warranted pursuant to Rule 37 of the Federal Rules of Civil Procedure. Therefore, the request for the award of attorney's fees is denied.

**IV.   Conclusion**

   Accordingly,

   **IT IS ORDERED** that Premier Adjusters, Inc., and Mickey McGill's **Motion To Compel Discovery Responses and For Attorneys' Fees and Costs (R. Doc. 108)** is hereby **GRANTED IN PART and DENIED IN PART.**

- **IT IS GRANTED** to the extent that it seeks production of responses to **Request for Production Nos. 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, and 17.** Colonial Claims Corporation shall provide full and complete responses to the aforementioned Requests **no later than eleven (11) days** from the signing of this Order.

- **IT IS DENIED** to the extent that it seeks production of documents pursuant to **Request for Production Nos. 5, 6, and 11**, as well as with respect to Premier's request for an award of **attorney's fees**.

**IT IS FURTHER ORDERED** that Colonial shall **SUPPLEMENT** its response to **Request for Production No. 14 no later than eleven (11) days** from the signing of this Order**.**

New Orleans, Louisiana, this 20th day of May 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**